IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHESTER BROWN,

          Plaintiff,

v.                            CIVIL ACTION NO.   2:16-cv-12749

DAVIS H. ELLIOT CONSTRUCTION
COMPANY, INC., et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant Davis H. Elliot Construction Company, Inc.'s Motion to Dismiss [ECF No. 4]. The plaintiff has not filed a timely response. For the reasons discussed below, the Motion is **GRANTED**.

I.    **Background**

On November 23, 2016, the plaintiff originally filed this case in the Circuit Court of Kanawha County, West Virginia. Notice of Removal Ex. 2, at 5 [ECF No. 1-2] ("Complaint"). On December 30, 2016, Davis H. Elliot Construction Company, Inc. ("the defendant") timely filed its Notice of Removal. *See* Notice of Removal 2 [ECF No. 1].[1]

---

[1] The second defendant, John Doe, is disregarded for the purposes of citizenship considerations under the court's diversity jurisdiction analysis. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

The Complaint offers few details regarding the alleged facts of the case, but the general basis of the plaintiff's claims stems from the following assertions:

> Plaintiff was sent to West Virginia for a contract job of [sic] Wheeling Power Company, Inc. and/or Appalachian Power Company d/b/a American Electric Power, and Ohio Corporation that was unsafe.

> Plaintiff was terminated after one employee was injured on the job, and another employee was killed due to the negligence of DHE. Defendants retaliated against Brown for offering truthful testimony, assisting in the investigation, complaining about safety concerns and his age.

Compl. ¶¶ 8, 9. The Complaint enumerated twenty-one separate counts against the defendant.[2] The defendant argues that the Complaint should be dismissed for failing to state a claim pursuant to Rule 12(b)(6) and Rule 8(a)(2) of the Federal Rules of Civil Procedure. As noted above, the plaintiff has not responded to the defendant's Motion.

## II.    Legal Standard

Rule 8(a)(2) of the Federal Rule of Civil Procedure requires that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Application of the Rule 12(b)(6) standard requires that I "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v.*

---

[2] The plaintiff's counsel incorrectly numbered the counts in the Complaint. Instead of thirty-two counts, the Complaint enumerates twenty-one separate counts.

*Twombly*, 550 U.S. 544, 555-56 (2007)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are an insufficient basis to state a claim. *Id.* "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted).

## III. Discussion

The court readily agrees with the defendant's characterization of the Complaint:

> Plaintiff's Complaint, in this matter, is nothing more than a collection of conclusory, threadbare recitals connected to conclusory statements. In fact, every single allegation asserted by the Plaintiff in this matter is simply a conclusory legal allegation unsupported by facts. Plaintiff fails to identify the alleged date of termination, the date of the alleged incident giving rise to the termination, the age of the Plaintiff, how and in what manner the Defendant took actions against him. In short, the Complaint in this matter could not fit better into the dismissal framework associated with the *Twombly/Iqbal* and/or *Malone*

3

standards. This can be stated for each and ever[y] Count asserted by the
Plaintiff.

Def.'s Mem. 5 [ECF No. 5]. Accordingly, the court **FINDS** that the plaintiff has failed
to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons provided above, the court **ORDERS** that the defendant Davis
H. Elliot Construction Company, Inc.'s Motion to Dismiss [ECF No. 4] is **GRANTED**,
and this case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record
and any unrepresented party.

ENTER:      February 27, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4